IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EPT MONTECILLO TOWN CENTER APARTMENTS, LLC, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | EP-25-cv-00113-LS-RFC |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff EPT Montecillo Town Center Apartments, LLC's Motion to Compel Discovery Responses and Supplementation from Defendant [hereinafter "Mot."], ECF No. 24. United States District Judge Leon Schydlower referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1) and Local Rule CV-72. Order Ref. Mot., ECF No. 25. For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part.**

### I.    BACKGROUND

This case arises from an insurance dispute between Plaintiff EPT Montecillo Town Center Apartments, LLC, and Defendant Zurich American Insurance Company, Plaintiff's insurance carrier. Pl.'s First Amend. Compl., ECF No. 16.

Plaintiff served Defendant its First Set of Interrogatories and Requests for Production on September 25, 2025. *See* Mot. 1. Defendant returned its responses and objections, along with a privilege log, on October 27, 2025. *Id.*; *see also* Mot. Ex. A, Def.'s Objs. & Resps. Pl.'s First Set Interrogs. [hereinafter "Interrog. Resp."], ECF No. 24-1; Mot. Ex. B, Def.'s Objs. & Resps. Pl.'s

First Set Reqs. Produc. [hereinafter "Produc. Resp."], ECF No. 24-2; Mot. Ex. C, Def.'s Privilege Log, ECF No. 24-3.  Finding Defendant's responses to be incomplete, Plaintiff sent a letter to Defendant on November 10, 2025, which described the deficiencies, provided clarification, and requested a conference between the parties.  Mot. Ex. D, Disc. Letter. [hereinafter "Disc. Letter"], ECF No. 24-4.  Thereafter, the parties conferred to resolve the discovery disputes but failed to reach an agreement.  *See* Mot. 12.

## II.    LEGAL STANDARD

"[A] party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33."  *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 574 (N.D. Tex. 2018) (citing Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv)) (further citation omitted).  Generally, a party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  However, a discovery request must be proportional to the needs of the case in view of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  The court must limit discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  *Id.* at 26(b)(2)(C)(iii).

To avoid an obligation to respond or produce, a party resisting discovery must raise a valid objection to each challenged request.  An objection to an interrogatory is waived, and thus invalid, unless the grounds for the objection are "stated with specificity."  Fed. R. Civ. P. 33(b)(4).  Similarly, a response to a request for production "must either state that inspection and related

activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B).

**III.    DISCUSSION**

Defendant was served, and objected to, six Interrogatories and five Production Requests. Interrog. Resp.; Produc. Resp.  In its Motion, Plaintiff asks the Court to overrule Defendant's objections, compel Defendant to supplement its responses, and order Defendant to produce a privilege log that adheres to the requirements set forth in in Federal Rule of Civil Procedure 26(b)(5). *See* Mot. 11.

## A. Interrogatories

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  *Id.* at 33(b)(3).  Grounds for all objections to interrogatories "must be stated with specificity," *id.* at 33(b)(4),  and "[g]eneral, boilerplate, and unsupported objections to discovery requests that fail to state their grounds with specificity are improper and result in waiver of those objections."  *Luckenbach Texas, Inc. v. Skloss*, No. 1:21-CV-00871-RP, 2023 WL 2229266, at *1 (W.D. Tex. Feb. 24, 2023) (quoting *Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-CV-452, 2020 WL 4926430, at *3 (E.D. Tex. Aug. 21, 2020)).

"[A] party [that] has objected to [an interrogatory] must, in response to a motion to compel, urge and argue in support of [its] objection to a request, and, if [it] does not, [it] waives the objection." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

3

### 1. *Interrogatory No. 1*

Interrogatory No. 1 asks Defendant to "[i]dentify by name, address, telephone number, and job description of each person who prepared or assisted in the preparation of the Answers to the[] Interrogatories."  Interrog. Resp. 4.[1]  Although Defendant stated various grounds for objection in response to the Interrogatory, it failed to argue in support of those objections when responding to the Motion.  *See* Def.'s Opp. Pl.'s Mot. Compel. Disc. Resp. & Supp. from Def. [hereinafter "Mot. Resp."], ECF No. 29.  Accordingly, Defendant's objections to Interrogatory No. 1 are waived.

Defendant is **ORDERED** to supplement its response with an unqualified and complete narrative answer to Interrogatory No. 1.

### 2. *Interrogatory No. 2*

Interrogatory No. 2 requests that Defendant "[d]escribe with reasonable particularity the legal contentions and factual bases supporting the affirmative defenses asserted by [it]."  Interrog. Resp. 4.  Defendant initially raised several objections to Interrogatory No. 2, *id.*, but did not address or defend its objections in its response to the Motion.  *See* Mot. Resp.  Subject to these objections, Defendant responded by referring generally to its Answer.  Interrog. Resp. 4.

Defendant's response fails to satisfy Plaintiff's request for a narrative answer and is thus incomplete.  *See* Interrog. Resp. 4; *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) (quoting 4A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 33.25[1] (2d ed. 1991) (collecting cases) (a response to an interrogatory must "be complete in itself and should not refer to the pleadings, or to depositions or other documents"); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10,

---

[1]      The Court notes that Defendant named one individual who assisted in the preparation of its answers.  Interrog. Resp. 4.  However, the response appears to be incomplete because, at minimum, Defendant's answer fails to identify the individual's address and telephone number.  *See id.*

2013).  Moreover, given that Defendant failed to argue in favor of its objections in its response to the Motion, the objections are waived.

Defendant is **ORDERED** to supplement its response with an unqualified and complete narrative answer to Interrogatory No. 2.

### 3.  *Interrogatories Nos. 3 and 4*

Interrogatory No. 3 asks whether "Zurich issue[d] a coverage determination on Claim No. 5630072267," while Interrogatory No. 4 seeks additional information concerning the determination.  Interrog. Resp. 4–5.  Defendant objected to the requests on numerous grounds, *id.*, but failed to argue in support of its objections in its response to the Motion.  Mot. Resp. 1–2.  Accordingly, any objections are waived.

In response to Plaintiff's Motion, Defendant advised the Court that documents describing the coverage determination would be produced in the future.  Mot. Resp. 2.  To date, the Court has not been made aware of any such supplementation.  "[S]tating one will 'supplement' at a later date does not amount to an initial response to a request for information but rather, is an attempt to subvert the requirements of the discovery rules."  *Abraham v. Cavender Boerne Acquis. of Tex., Ltd.*, No. SA-10-CA-453-XR, 2011 WL 13127173, at *4 (W.D. Tex. Apr. 26, 2011) (citing Fed. R. Civ. P. 26(e)).  Defendant's response is therefore deficient.

Additionally, an interrogatory is generally designed to elicit a narrative response which is "complete in itself."  *See Smith*, 139 F.R.D. at 650; *Meltzer/Austin Rest. Corp.*, 2013 WL 2607589, at *4 n.5.  Although a party may, in limited situations, respond by producing business records, it must specify the records with "sufficient detail to enable the interrogating party to locate and identify them."  *See* Fed. R. Civ. P. 33(d).  Thus, Defendant may answer Interrogatories Nos. 3 and 4 by producing business records, rather than by submitting full narrative responses, only if also complies with Rule 33(d).

Defendant is **ORDERED** to supplement its response with an unqualified and complete answer to Interrogatories Nos. 3 and 4.  Defendant may produce business records in lieu of full narrative responses only if it supplies the specificity required by Rule 33(d).

### 4.  *Interrogatory No. 5*

Interrogatory No. 5 seeks information concerning "the factual circumstances that led Zurich to 'further review[] the available information in support of the Claim [No. 5630072325] in conjunction with the terms of the Policy,' as described in Zurich's January 3, 2024 coverage determination letter addressed to Rob Bundy, General Counsel, EMJ Corporation."  Interrog. Resp. 5.  Defendant raised several objections to the Interrogatory, *id.*, but failed to defend – and thereby waived – the majority of these objections in its response to the Motion,  Mot. Resp. 2.

Defendant's response to the Motion advances only one objection: that the Interrogatory is impermissible because it "calls for a narrative response that is best suited for other forms of discovery[,] such as a deposition."  *See* Interrog. Resp. 5; Mot. Resp. 2.  However, this objection lacks merit.  An interrogatory need not be the *best* form of discovery – it simply must be a *permissible* form of discovery.  Defendant does not argue that the requested information cannot be obtained by interrogatory, nor would such an argument prove fruitful.  Therefore, Defendant's objections are overruled.

Defendant is **ORDERED** to supplement its response to Interrogatory No. 5 with an unqualified and complete narrative answer.

### 5.  *Interrogatory No. 6*

Interrogatory No. 6 seeks a description of "the factual bases for Zurich applying a $250,000 'Flood' deductible to Claim No. 5630072325." Interrog. Resp. 4. In response to the Motion, Defendant stated it "will shortly be issuing a supplemental correspondence to Plaintiff that it

believes will satisfactorily address Interrogatory No. 6." Mot. Resp. 2.[2] The Court has not been made aware of any such supplementation. Defendant further maintained that the Interrogatory would "be more appropriately resolved during the requested deposition of J.D. Foraker." *Id.* As discussed, neither the promise of future supplementation nor Defendant's preferences regarding discovery methods relieve Defendant of its obligation to timely respond to the Interrogatory. Thus, Defendant's response to Interrogatory No. 6 is deficient.

Defendant is **ORDERED** to supplement its response with an unqualified and complete narrative answer to Interrogatory No. 6.

## B. Production Requests

Requests for production "must describe with reasonable particularity each item or category of items to be inspected," Fed. R. Civ. P. 34(b)(1)(A), such that the recipient is placed on "reasonable notice of what is called for and what is not," *Lopez*, 327 F.R.D. at 575 (quoting *Hager v. Graham*, 267 F.R.D. 486, 493 (N.D.W. Va. 2010)). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Moreover, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." *Id.* at 34(b)(2)(C).

As with interrogatories, an objection is waived if the party resisting discovery "fail[s] to press and support their objections in response to [a] motion to compel." *See Orchestrate HR, Inc.*, 178 F. Supp. 3d at 507.

---

[2]  At this time, the Court is not persuaded that production of the letter falls within the business record exception, such that it would be a permissible substitute for the narrative response requested by Plaintiff.

### 1. Production Request No. 1

Production Request No. 1 seeks production of "the underwriting file for the Policy." Produc. Resp. 4. Although Plaintiff initially stated that Defendant's response was deficient, Mot. 6–7, it later withdrew its request for production of the underwriting file after Defendant supplemented its response with the requested materials, *see* Pl.'s Reply Supp. Mot. Compel Disc. Resp. & Supp. from Def. 2, ECF No. 31. The Court does not find additional production is required to satisfy Production Request No. 1.

Accordingly, Plaintiff's request to compel a supplemental response to Production Request No. 1 is **DENIED AS MOOT**.

### 2. Production Requests Nos. 2, 3, and 4

In response to Production Requests Nos. 2 and 3, Defendant sought to incorporate several general objections by reference. Produc. Resp. 4–5. Defendant's response to Production Request No. 4 similarly referred to several general objections, and specifically objected to the request as irrelevant, work product, and covered by attorney-client privilege. *Id.* at 5–6. Because Defendant did not argue in support the general or relevancy objections in its response to the Motion, *see* Mot. Resp., such objections are waived.

While Defendant also failed to argue in support of its objection that certain responsive documents were privileged or work product, *see* Mot. Resp., "waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations," *Texas Disposal Sys., Inc. v. FCCI Ins. Co.*, No. A-18-CV-00701-RP, 2019 WL 13550966, at *2 (W.D. Tex. Sept. 27, 2019) (quoting *B&S Equip. Co. v. Truckla Servs., Inc.*, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011)). Thus, to the extent that a full response to Production Requests Nos. 2, 3, or 4 would require Defendant to turn over privileged information or attorney work product, Defendant may redact such materials. However, it must produce a privilege log

containing a description the redacted materials, along with "sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim" or work-product classification. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)) (citing *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011)).

Defendant is **ORDERED** to supplement its production response with materials that are responsive to Production Requests Nos. 2, 3 and 4. Defendant may withhold production only to the extent that (1) the responsive materials are privileged or attorney work-product; and (2) Defendant adequately describes the withheld materials in a privilege log.

### 3. Production Request No. 5

Production Request No. 5 seeks "[a]ll non-privileged communications between Zurich and any third party related to or concerning the application for the Policy, including all letters, written correspondence, emails, text messages, notes, and memoranda." Produc. Respons. 6. Defendant objected to the request (1) by incorporation of "general objections" listed at the beginning of its production response; (2) as irrelevant; (3) as not "reasonably calculated to lead to the discovery of admissible evidence; (4) ambiguous; and (5) "to the extent it calls for proprietary or other confidential information, materials, and/or documents." *Id.*

First, Defendant's general objections are waived, as it failed to argue in support of such objections in its response to the Motion. *See* Mot. Resp.

Second, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Cerda v. Billingsley*, No. SA-09-CA-816-FB, 2010 WL 11570222, at *2 (W.D. Tex. June 1, 2010) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Given that this matter concerns a coverage dispute, information contained within

9

communications involving the application for insurance may bear on the claims or defenses of the parties. Thus, Defendant's relevancy objection is overruled.

Third, the Federal Rules do not require that a discovery request be "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment; *Crum & Forster Specialty Ins. Co. v. Great W. Cas. Co.,* No. EP-15-CV-00325-DCG, 2016 WL 10459397, at *4 n.5 (W.D. Tex. Dec. 28, 2016). The third objection is therefore overruled.

Fourth, "a party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity ... [and] must explain the specific and particular way in which a request is vague." *Baker v. Walters*, 652 F. Supp. 3d 768, 780 (N.D. Tex. 2023) (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021)). Defendant's argument that the term "application for the Policy" is overly technical is entirely unpersuasive. The phrase is commonly used, plainly stated, and carries a straightforward meaning. Even if Defendant, an insurance carrier, was legitimately unable identify what constitutes a policy application, the definition provided in Plaintiff's deficiency letter cures any reasonable ambiguity. *See* Disc. Letter 8 (clarifying Production Request No. 5 "is requesting the materials submitted to and reviewed by Zurich in order for Zurich to produce the Policy at issue here"). Thus, Defendant's fourth objection is overruled.

Defendant is **ORDERED** to supplement its production response with any non-privileged materials that are responsive to Production Request No. 5. Defendant may withhold production only to the extent that (1) the responsive materials are privileged and (2) Defendant adequately describes the withheld materials in a privilege log.

10

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff EPT Montecillo Town Center Apartments, LLC's Motion to Compel Discovery Responses and Supplementation from Defendant, ECF No. 24, is **GRANTED in part and DENIED in part.**

The Court **ORDERS** that the Motion is **GRANTED in part**, such that Defendant shall supplement its response to Plaintiff's Interrogatories Nos. 1–6 with fourteen (14) days, as set forth above.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED in part**, such that Defendant supplement its response to Plaintiff's Production Requests Nos. 2–5 with fourteen (14) days, as set forth above.

**IT IS FURTHER ORDERED** that the Motion is **DENIED in part as moot**, as to Plaintiff's Production Request No. 1.

**SIGNED** this 16th day of January, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**